STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          Docket No. RE-2010-131
                                        2 AMM -PEN- 12 ? E? ?


BANGOR SAVINGS BANK,            )
                               )
        Plaintiff              )
                               )        **ORDER AND JUDGMENT**
    vs.                        )         **OF FORECLOSURE**
                               )        ("judgment of foreclosure
MARTIN C. JACKSON, SR. and     )              and sale")
PRISCILLA M. JACKSON,          )
                               )
                               )
        Defendants             )


        This matter came before the Court on the motion for summary judgment filed by the plaintiff, Bangor Savings Bank, in its civil action to foreclose a mortgage lien granted by the defendants, Martin C. Jackson, Sr. and Priscilla M. Jackson. The mortgage deed is dated December 28, 2007 and recorded in the Penobscot Registry of Deeds in Vol. 11256, Page 214 ("the Mortgage"). The Mortgage was granted to secure a loan obligation evidenced by a promissory note in the original principal amount of $216,000.00 ("the Note").

        The property subject to the Mortgage ("the Property") is situated generally at 82 High Point Place in Bradley[1], so that venue is proper. 14 M.R.S.A. §6321.

        The motion of the Plaintiff for summary judgment was filed pursuant to M.R.Civ.P. 56. Based upon the pleadings and the affidavits filed by the Plaintiff in support of its motion, the Court finds that there is no genuine issue of material fact and that the Plaintiff is entitled to judgment as a matter of law. Further, the Court specifically finds the following:

        (1) Each of the factual recitals hereinabove is specifically adopted as a finding of fact or conclusion of law (as appropriate).

        (2) The Defendants are in default of the payment terms of the Note, and are therefore in default of the terms of the Mortgage.

        (3) As of September 21, 2010 the amount due and owing to the Plaintiff pursuant to the terms of the Note (exclusive of attorneys' fees and costs) included the following sums:

_____

        [1]This finding satisfies the requirements of 14 M.R.S.A. § 2401(3).

                                                                    1

```
principal:              $211,495.47
accrued interest:        11,974.48
accrued late charges:       673.80
mortgage insurance:         226.80
discharge fee:               16.00
escrow deficiency:        3,825.27
property inspections:       120.00
      Total:            $228,331.82

per diem interest rate:  $37.05
```

Interest continues to accrue at the same rate as is set forth in the Note[2] until the obligation has been satisfied. 14 M.R.S.A. § 1602-C(1)(A).

(4) The Plaintiff is entitled as a matter of law to recover its reasonable attorneys' fees in connection with this action to foreclose the Mortgage. 14 M.R.S.A. §§ 6101, 6321. The Court specifically finds that the Plaintiff is entitled to include the sum of $_____ / $2,414.22 as its reasonable attorneys' fees and costs incurred in this action and which sum is part of the claim of the Plaintiff secured by the Mortgage.

In light of the foregoing findings of fact, and based on all of the evidence adduced, the Court hereby ORDERS and ADJUDGES a foreclosure of the Mortgage (as defined hereinabove) pursuant to 14 M.R.S.A. § 6322. If the Defendants, or their heirs or assigns, do not pay to the Plaintiff the aggregate of the sums described in paragraphs (3) and (4) hereinabove, together with additional interest to the date of redemption and such additional attorneys' fees and costs as the Plaintiff may incur; and within ninety (90) days from the entry of this Order or within such additional time as the Plaintiff may in its discretion allow; then the Plaintiff shall proceed to a sale of the Property in accordance with 14 M.R.S.A. § 6321 et seq. The proceeds from the sale of the Property shall be disbursed as follows:

first, to the satisfaction of any lien or encumbrance against the Property and senior to the Mortgage lien;

next, to the Plaintiff for all expenses, costs, reasonable attorneys' fees, and costs of sale incurred by the Plaintiff;

next, to the Plaintiff in the amount specified hereinabove as the sums due and owing to it pursuant to the Note and/or the Mortgage, including accruing interest and late charges;

and last, to be paid to the Defendants or in accordance with any further Order of this Court.

---

[2]6.375% per annum.

The Court further finds, pursuant to M.R.Civ.P. 54(b)(2), that the Plaintiff's claim for attorneys' fees is integral to the relief sought. Accordingly, the Plaintiff may file a request for additional attorneys' fees and costs (in addition to those set forth hereinabove) within thirty (30) days after the entry of a final judgment following the filing by the Plaintiff of the report of sale pursuant to 14 M.R.S.A. § 6324.

The Plaintiff may pay into the Court any surplus from the sale of the Property pending the entry of an Order disbursing the same.

Further, and not in limitation of any other rights of the Plaintiff, in the event the Defendants shall fail to redeem the Property within the period of redemption and in accordance with the terms of this Order, any remaining right of the Defendants to possession of the Property shall terminate upon expiration of the period of redemption. 14 M.R.S.A. § 6323. The Plaintiff shall be entitled to possession of the Property upon expiration of the period of redemption and pending the public sale pursuant to 14 M.R.S.A. § 6323. Further, upon the request of the Plaintiff at any time after the expiration of the period of redemption the Clerk shall issue a writ of possession to the Plaintiff.

No deficiency shall issue. *In re Jackson*, Case No. 10-10312 (U.S. Bankruptcy Court, D.Me.).

For purposes of the findings required by 14 M.R.S.A. § 2401, the Court adopts and incorporates Exhibit A, annexed hereto, by reference. The Plaintiff shall be responsible for effecting compliance with said statute.

Attorney for Plaintiff is Michael Haenn, Esq. ~~Attorney for Defendant is Richard Silver, Esq.~~

The Clerk is directed to enter this Order and Judgment upon the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated at Bangor, Maine this 10ᵗʰ day of ~~November~~ December, 2010.

**Judgment entered upon the docket on 12/20/10**

_____
JUSTICE, SUPERIOR COURT
**Ann Murray**

3

```
STATE OF MAINE                        SUPERIOR COURT
PENOBSCOT, ss.                        Docket No. RE-2010-131
```

```
BANGOR SAVINGS BANK,              )
                                 )
         Plaintiff               )
                                 )            EXHIBIT A
    vs.                          )     ("judgment of foreclosure
                                 )            and sale")
MARTIN C. JACKSON, SR. et al.,)
                                 )
         Defendants              )
```

Name and addresses of parties and counsel of record:

    Bangor Savings Bank, 3 State Street, Bangor, Maine; Michael S. Haenn, Esq., 88 Hammond Street, Bangor, Maine.

    Martin C. Jackson, Sr. and Priscilla M. Jackson c/o Richard Silver, Esq., 145 Exchange Street, Bangor, ME 04401.

Certification of receipt of notice of proceedings: The Court certifies that the Defendants received notice of the proceedings, and that notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

Property description: That property situated generally at 82 High Point Place in Bradley, Maine, described in the mortgage deed of Martin C. Jackson, Sr. and Priscilla M. Jackson dated December 28, 2007 and recorded in the Penobscot Registry of Deeds in Vol. 11256, Page 214.

Copy of Order and Judgment of Foreclosure: attached.

*******************

Clerk's certification of absence of appeal: no timely appeal of the Order and Judgment of Foreclosure entered by the Court on November _____, 2010 was made by any party.

Dated: _____

                                        _____
                                        Clerk, Superior Court
                                        Penobscot County
                                        Bangor, Maine